# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2022

Lyle W. Cayce
Clerk

No. 21-50221
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN MARTINEZ PEDRAZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-831-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Juan Martinez Pedraza was convicted by a jury of one count of conspiracy to transport illegal aliens and sentenced to 120 months of imprisonment and three years of supervised release. He now appeals his conviction.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50221

First, Martinez Pedraza contends that the Government's failure to correct allegedly false trial testimony regarding his co-conspirator Edwin Flores-Guerra's plea agreement constituted a violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959). The Due Process Clause forbids the Government from knowingly using or failing to correct false testimony. *See Napue*, 360 U.S. at 269. To demonstrate a due process violation based on the Government's failure to correct false testimony under *Napue*, Martinez Pedraza must demonstrate that: (1) the testimony was false, (2) the Government knew that the testimony was false, and (3) the testimony was material. *See United States v. Stanford*, 823 F.3d 814, 838-39 (5th Cir. 2016). Because Martinez Pedraza did not present this issue in the district court, we review for plain error. *See United States v. Oti*, 872 F.3d 678, 696 & n.13 (5th Cir. 2017); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). Martinez Pedraza does not make the requisite showing.

While Flores-Guerra testified that the Government did not promise him anything in exchange for his testimony, he did acknowledge that he "possibly" hoped that his testimony would be considered for sentencing purposes. Martinez Pedraza's issue lies with what Flores-Guerra omitted: i.e., he did not state that the Government could move for a U.S.S.G. § 5K1.1 sentence reduction based on his substantial assistance. However, there is nothing to indicate that Flores-Guerra failed to mention plea provisions "with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). But even assuming Flores-Guerra testified falsely regarding his plea agreement, "the Government can discharge its responsibility under *Napue* . . . to correct false evidence by providing defense counsel with the correct information at a time when recall of the prevaricating witnesses and further exploration of their testimony is still possible." *Beltran v. Cockrell*, 294 F.3d 730, 736 (5th Cir. 2002) (internal quotation marks and citation

omitted).  Here, defense counsel was provided with Flores-Guerra's plea agreement and sealed plea addendum, which included the full recitation of the promises made by the Government to the witness, and counsel could have questioned Flores-Guerra as to the full gamut of those promises.  Moreover, some of the testimony that Martinez Pedraza now complains of was elicited on cross-examination, so there was no material falsehood that the Government had a duty under *Napue* to correct; it was Martinez Pedraza's duty to correct the testimony.  *See Stanford*, 823 F.3d at 840; *United States v. Fields*, 761 F.3d 443, 477 (5th Cir. 2014); *United States v. O'Keefe*, 128 F.3d 885, 895 (5th Cir. 1997).  Insofar as the Government made any inaccurate statements concerning Flores-Guerra's plea agreement during its closing argument, any "falsehoods were sufficiently exposed before the jury to enable the jury to weigh those falsehoods in its deliberations."  *O'Keefe*, 128 F.3d at 896.

Martinez Pedraza additionally argues that the district court admitted impermissible profile evidence.  He contends that through U.S. Border Patrol Agent Joe Bonilla, the Government offered certain testimony suggesting that Martinez Pedraza was guilty of the charged offense because his actions were consistent with the typical behavior of an organizer of an alien trafficking enterprise.  According to Martinez Pedraza, the testimony violated Federal Rule of Evidence 704(b) and our caselaw prohibiting testimony that amounts to an opinion on whether the defendant had a mental state or condition that is an element of a crime.  Martinez Pedraza concedes that he did not object to this testimony in the district court, so our review for is plain error.  *See United States v. Montes-Salas*, 669 F.3d 240, 247 (5th Cir. 2012).

Most of the testimony disputed by Martinez Pedraza appears to be on the safe side of the line between testimony as to methods of operation unique to the business of alien trafficking and testimony comparing his conduct to a generic profile of a participant in that business.  *See id.* at 250; *United States*

*v. Gonzalez-Rodriguez*, 621 F.3d 354, 363-64 (5th Cir. 2010).  However, even if some of Agent Bonilla's testimony was problematic, and assuming that any error in allowing the testimony was clear or obvious error, Martinez Pedraza has not met his burden of showing that his substantial rights were affected. *See United States v. Morin*, 627 F.3d 985, 998-1000 (5th Cir. 2010); *Gonzalez-Rodriguez*, 621 F.3d at 367-68.  Even setting aside any improper elements of Agent Bonilla's testimony and references thereto, the record supports that the jury was presented with substantial other evidence of Martinez Pedraza's role in an alien trafficking operation.  Because there is no reasonable probability that his conviction hinged on the challenged testimony, he has not shown reversible plain error.  *See Morin*, 627 F.3d at 998-1000; *Gonzalez-Rodriguez*, 621 F.3d at 367-68.

Finally, Martinez Pedraza contends that the cumulative effect of both errors requires reversal.  The cumulative effect doctrine "provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." *United States v. Delgado*, 672 F.3d 320, 343-44 (5th Cir. 2012) (internal quotation marks and citation omitted).  Martinez Pedraza's claims of error, taken individually or together, do not cast doubt on the verdict, given the record as a whole.

The judgment of the district court is AFFIRMED.